UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| DAVID CABRERA, | ) EDCV 10-01362-SH |
| | ) |
| Plaintiff, | ) MEMORANDUM DECISION |
| | ) |
| v. | ) |
| | ) |
| MICHAEL J. ASTRUE, Comm. | ) |
| Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying plaintiff's application for Disability Insurance Benefits under Sections 216(i) and 223 of the Social Security Act. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the undersigned. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and the transcript of the record before the Commissioner. The plaintiff and the defendant have filed their

pleadings (Plaintiff's Complaint; Defendant's Answer; Memorandum in Support of Plaintiff's Complaint; Defendant's Brief; Reply Memorandum in Support of Plaintiff's Complaint) and the certified transcript of record. After reviewing the matter, the Court concludes that the decision of the Commissioner should be affirmed.

On May 1, 2008, plaintiff David Cabrera filed a timely application for a period of Disability Insurance Benefits, alleging an inability to work since June 22, 2007 due to schizophrenia, hearing loss and obesity. (Administrative Record ("AR") 54-62, 114-122). On October 5, 2009 an Administrative Law Judge ("ALJ") determined that plaintiff had severe impairments of schizophrenia, hearing loss and obesity but was not disabled within the meaning of the Social Security Act. (AR 5-18).

Following the Appeals Council's denial of plaintiff's request for a review of the hearing decision (AR 1-4), plaintiff filed an action in this Court.

Plaintiff challenges one aspect of the ALJ's Decision denying benefits. Plaintiff alleges that the ALJ failed to properly determine plaintiff's residual functional capacity by declining to limit plaintiff to non-stressful jobs.

For the reasons discussed below, the Court finds that plaintiff's claim of error does not have merit.

Plaintiff asserts the ALJ failed to properly determine plaintiff's residual functional capacity ("RFC"). Specifically, plaintiff claims the ALJ should have limited plaintiff's RFC to non-stressful jobs based on plaintiff's own testimony (see AR 44-45 [plaintiff testified that the stress of being back at work would cause his hallucinations to return]). Defendant replies that the ALJ properly assessed plaintiff's RFC.

The ALJ found that plaintiff had an RFC to perform less than a full range of light work. (AR 11). The RFC finding precluded plaintiff "from work requiring hypervigilance [sic], work with deadlines, and fast-paced work like rapid assembly

lines." (AR 11-12). However, the RFC did not otherwise limit plaintiff to non-stressful jobs.

Here, the ALJ properly based the RFC finding on the testimony of Dr. Kania, a psychologist. (AR 15-16). See Saelee v. Chater, 94 F.3d 520, 522 (9th Cir. 1996) (holding that the findings of a non-treating, non-examining physician are substantial medical evidence when supported in the record). Dr. Kania reviewed the medical records, questioned plaintiff and heard his testimony. Dr. Kania testified that plaintiff should work in a non-public environment, have limited contact with supervisors and should not work in dangerous situations requiring hyper-vigilance. (AR 30). But Dr. Kania noted that the record showed medication had controlled hallucination symptoms and they had not returned since June 2007. Thus, Dr. Kania maintained that limiting plaintiff to jobs without time pressure would suffice to avoid the recurrence of stress and accompanying problematic symptoms. (See AR 30-33).

Moreover, the ALJ noted there were no medical records supporting an additional functional limitation sought by plaintiff. (AR 16). See Matthews v. Shalala, 10 F.3d 678, 680-81 (9th Cir. 1993) (finding substantial evidence supported the ALJ's RFC determination where no doctor who examined claimant supported a finding of disability). Despite treatment records showing plaintiff is stable and experiencing no hallucinations, plaintiff feared those symptoms could return if he was exposed to stressful situations, like work with deadlines at his last job. (AR 16 [citing AR 44-45]). Though the ALJ does not fully credit this testimony, the RFC accommodates it by precluding work at plaintiff's former job and similar jobs with deadlines.

Contrary to plaintiff's assertion, (see Plaintiff's Brief at 3) the ALJ made a proper credibility assessment of plaintiff. The ALJ explicitly found "claimant's statements . . . concerning the intensity, persistence, and limiting effects of these symptoms are not credible to the extent those statements are inconsistent with the

above residual functional capacity assessment." (AR 14). In making his credibility determination, the ALJ properly concluded that plaintiff was not fully credible based on inconsistencies and attempts to exaggerate the severity of his symptoms in his testimony. (See AR 13-14 [citing AR 232-51 and 255-62 (where plaintiff denied experiencing hallucinations even without medication since 2008, despite present claims to the contrary)]); see Thomas v. Barnhart, 278 F.3d 947, 958 (9th Cir. 2002) (finding that inconsistencies in the plaintiff's testimony concerning the nature, severity, and effect of the symptoms of which the plaintiff complains are factors for weighing plaintiff's credibility).

## ORDER

For the foregoing reasons, the decision of the Commissioner is affirmed and the Complaint is dismissed.

DATED: August 11, 2011

_____
STEPHEN J. HILLMAN
UNITED STATES MAGISTRATE JUDGE